FILED

JUN 15 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DARRELL JAMES TITTLE, Jr., | No. 08-56492 |
| Petitioner - Appellant, | D.C. No. 3:07-cv-00641-DMS-NLS |
| v. | |
| JAMES E. TILTON, Secretary of the Department of Corrections and Rehabilitation, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted June 11, 2010[**]
Pasadena, California

Before: GOODWIN and RAWLINSON, Circuit Judges, and BENNETT, District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Mark W. Bennett, District Judge for the Northern District of Iowa, sitting by designation.

Darrell James Tittle, Jr., appeals the denial of his petition for writ of habeas corpus. For his participation in a gang altercation that resulted in a shooting death, a jury in California convicted Tittle of voluntary manslaughter. Tittle, who did not shoot the victim but was convicted under a theory of aiding and abetting, contends that there is insufficient evidence to sustain his conviction. Because Tittle's petition is subject to the Anti-Terrorism and Effective Death Penalty Act of 1996, claims that a state court has denied on the merits may not result in federal habeas relief unless the state court's ruling (1) was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d). We affirm.

The evidence is sufficient to sustain Tittle's conviction. In reviewing claims of insufficient evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Here, the jury heard evidence that Tittle and other gang members traveled to Mission Bay Park dressed in full gang colors with knowledge that they would likely meet their rival gang **[ER 8, 18]**, that

2

Tittle instigated the altercation by throwing a soda can at a rival gang member **[ER 4, 19, 1004-05]**, that the two gangs had a violent history **[ER 8, 1156]**, and that some members of each gang were usually armed when they confronted each other **[ER 19, 1158]**.  From that evidence, a rational trier of fact could have found Tittle guilty under a theory of aiding and abetting either because he intended the shooting to occur and is therefore liable as a principal, or because he intended to commit breach of the peace, assault, or battery and the shooting was a natural and probable consequence of those offenses.  *See People v. Mendoza*, 77 Cal. Rptr. 2d 428, 432-33 (Cal. 1998).  The California Court of Appeal's decision upholding Tittle's conviction therefore was neither contrary to nor involved an unreasonable application of clearly established federal law.

AFFIRMED.